Lockwood, Justice, delivered the opinion' of the court: (1) It appears from the record in this cause, that the plaintiff owns considerable real estate in the county of Cook, which was assessed for taxation for county and state purposes, for the year 1840. When the application was made to the court below for judgment and an order to sell its lands for taxes, the plaintiff resisted the same, on the ground that its lands were, by its charter, exempt from taxation. The court overruled the claim to be exempt .from taxation, and gave judgment that the lands should be sold. The assignment .of errors questions the correctness of this decision. The 36th section of the “ act to incorporate the subscribers to the Bank of the State of Illinois,” (Gale’s Stat. 99; Acts of 1835, 14,) passed February 12, 1835, is as follows: “The said bank shall pay into the State treasury, annually, on the first day of January, one-half per cent on the amount of capital stock actually paid in by individuals, in lieu of all taxes and impositions whatever.” To divest the legislature of the inherent right of taxation upon every species of property, the language of the statute relied on must be clear and explicit. In this section the legislature, for an ■ample consideration, have, by words not liable to doubt or uncertainty, expressly exempted the bank from all taxes and impositions whatever. Whether this was a wise provision is not a question for this court to decide. The legislature had the power to make this contract with the bank. Such contracts have frequently been made, and their validity not doubted. A similar question arose with the state of New Jersey (2 Harrison's N. J. R. 80) upon a section of ari act of the legislature, incorporating a railroad company, which provided “That the company shall, after the expiration of five years after the passage of this act, pay to the treasurer of this state, yearly and every year, a tax of one quarter of one per cent, upon their capital stock paid in, and yearly.every year after the expiration of ten years, a tax of one half of one per [*305] cent, upon the capital stock so paid in as aforesaid; and that no farther or other tax or impost shall be levied or assessed upon said company.” The court held that the legislature could never, after the passage of the act, have imposed any new or additional tax upon the company for its franchises or privileges. Its charter was in the nature of a contract, and the state would have no constitutional power thus to vary its terms or add to its burthens. We are clearly of opinion that the court below erred in rendering judgment against the lands owned by the bank. The judgment is consequently reversed. Judgment reversed. Thomas, Justice, having been of counsel, gave no opinion.